# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Duane A. Iverson, and Sarah L. Iverson,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Brittany A. Meyers,<br><br>　　　　Defendant. | Civ. No. 15-4037 (WMW/BRT)<br><br><br>**REPORT AND RECOMMENDATION TO DISMISS FOR LACK OF PROSECUTION** |

James W. Balmer, Esq., Falsani, Balmer, Peterson, Quinn & Beyer, counsel for Plaintiffs.

BECKY R. THORSON, United States Magistrate Judge.

　　This matter is before this Court for a Report and Recommendation on whether this case should be dismissed for lack of prosecution. *See* 28 U.S.C. § 636(b)(1) and D. Minn. LR 72.1. For the reasons stated below, this Court recommends that Plaintiffs' Complaint be dismissed without prejudice for lack of prosecution.

## BACKGROUND

　　On November 5, 2015, Plaintiffs Duane and Sarah Iverson filed a Complaint against Defendant Brittany A. Meyers. (Doc. No. 1.) A Summons was issued to Defendant on November 5, 2015, and was returned executed on January 25, 2016. (Doc. Nos. 3, 5.) Nothing happened in this case between January 25, 2016, and March 8, 2016. On March 7, 2016, this Court issued an Order, which was filed on March 8, 2016, directing Plaintiff to:

      1. Notify defendants who have not answered immediately that he/she is required to make an appearance or move for an extension of time to do so;

      2. File an application for entry of default for those defendants who have not answered unless the required pleading is filed within ten (10) days; or

      3. Advise the Court in writing of any good cause to the contrary.

(Doc. No. 7.) This Court also stated that "[u]nless plaintiff's counsel complies with this order within 60 days of this date, it will be recommended that this case be dismissed for lack of prosecution." (*Id.*)

On Monday, May 9, 2016, 62 days after this Court's Order (day 60 fell on a Saturday), Plaintiffs' counsel filed a letter with the Court. (Doc. No. 8.) In the letter, Plaintiffs' counsel incorrectly stated that the Court's Order "compelled [Plaintiffs' counsel] to find a way to persuade Defendant to appear in this action," and asked the Court to issue a bench warrant for the Defendant based on her failure to appear for a deposition pursuant to a subpoena. (*Id.*) The letter did not inform the Court whether Plaintiffs had provided Defendant with the notification required by the Court's Order, nor did it attempt to state good cause for not filing an application for entry of default at that time. (*Id.*) On May 11, 2016, this Court denied the request for a bench warrant and pointed Plaintiffs' counsel back to the March 7, 2016 Order and its requirements. (Doc. No. 9.) This Court noted that it was not going to recommend the case be dismissed for lack of prosecution at that time, but ordered "that Plaintiffs' counsel must respond to the Court's directions as outlined in the March 7, 2016 Order on or before **May 24, 2016**." (*Id.*) The Court also ordered that the response be filed on CM/ECF and stated that "[i]f

2

Plaintiffs' counsel does not comply with this Order, it will be recommended that this case be dismissed for lack of prosecution." (*Id.*) As of the date of this Report and Recommendation, Plaintiffs' counsel has filed nothing in response to the May 11, 2016 Order.

## DISCUSSION

The facts and circumstances of each case should be evaluated to determine if dismissal for failure to prosecute is warranted. *Navarro v. Chief of Police, Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975). This Court concludes that, based on the sequence of events in this case and Plaintiffs' lack of response to this Court's May 11, 2016 Order, Plaintiffs' case should be dismissed for failure to prosecute.

> Federal Rule of Civil Procedure 41(b) states:
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19— operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). "A district court may sua sponte dismiss an action under Rule 41(b) for the plaintiff's deliberate failure to comply with a court order." *Holly v. Anderson*, 467 F.3d 1120, 1121 (8th Cir. 2006). Here, Plaintiffs have failed to comply with the Court's March 8 and May 11, 2016 Orders. Both Orders apprised Plaintiffs that failure to comply might result in dismissal of their case. Based on Plaintiffs' failure to comply with the Court's Orders, this Court concludes that Plaintiffs have abandoned their action and recommends that this action be dismissed for failure to prosecute.

## RECOMMENDATION

For the reasons stated, and based on the file, records, and submissions therein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiffs' Complaint (Doc. No. 1) be **DISMISSED WITHOUT PREJUDICE** and judgment be entered accordingly.

Date: June 3, 2016

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report by **June 17, 2016**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).