UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Duane A. Iverson and
Sarah L. Iverson,

      Case No. 15-cv-4037 (WMW/BRT)

      Plaintiffs,

   v.

      **ORDER ADOPTING REPORT AND
      RECOMMENDATION**

Brittany A. Meyers,

      Defendant.

---

This matter is before the Court on the June 3, 2016 Report and Recommendation

("R&R") of United States Magistrate Judge Becky R. Thorson.  The R&R recommends

that this Court dismiss Plaintiffs' complaint without prejudice for failure to prosecute

their action because Plaintiffs failed to comply with two court orders.  Neither party filed

objections to the R&R in the time period permitted.[1]

**BACKGROUND**

Plaintiffs commenced this action on November 5, 2015 and returned an executed

summons establishing service on Defendant on January 25, 2016.  No further events

occurred until March 7, 2016, when Magistrate Judge Thorson issued an order directing

Plaintiffs to do one of the following: "1. [n]otify defendants who have not answered

---

[1]    Consistent with Local Rule 72.2(b)(1), Magistrate Judge Thorson required the parties to file and serve any specific objections to the R&R by June 17, 2016.  Plaintiffs filed their objection to the R&R on June 27, 2016.  This Court will not consider such an untimely filing.  *Cf. Millen v. Mayo Found.*, 170 F.R.D. 462, 465 (D. Minn. 1996) (explaining the importance of adhering to the constraints of a district court's scheduling requirements in order for the district court to perform its case management responsibilities).

immediately that he/she is required to make an appearance or move for an extension of time to do so; 2. [f]ile an application for entry of default for those defendants who have not answered unless the required pleading is filed within 10 days; or 3. [a]dvise the Court in writing of any good cause to the contrary.  Magistrate Judge Thorson provided Plaintiffs 60 days to comply before she would recommend dismissing their action for lack of prosecution.

On May 9, 2016, Plaintiffs' counsel submitted a letter explaining that he had noticed Defendant's deposition, that Defendant failed to appear, and that Plaintiffs requested that Magistrate Judge Thorson issue a bench warrant for Defendant's arrest. On May 11, 2016, Magistrate Judge Thorson issued an order correctly noting that Plaintiffs' May 9, 2016 letter failed to explain why Plaintiffs did not comply with the March 7, 2016 order.  Magistrate Judge Thorson denied Plaintiffs' request to issue a bench warrant for Defendant's arrest and ordered Plaintiffs to comply with her March 7, 2016 order by May 24, 2016.  Plaintiffs did not respond.  On June 3, 2016, Magistrate Judge Thorson issued an R&R recommending that Plaintiffs' complaint be dismissed without prejudice for the failure to prosecute their action.

## ANALYSIS

In the absence of timely objections, this Court reviews the R&R for clear error. *See* 1983 Advisory Committee Note to Fed. R. Civ. P. 72(b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).  A magistrate judge's ruling is clearly errenous when, although there is

evidence to support the ruling, after examining the entire record, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).

The power of a district court to dismiss an action for the failure to prosecute "cannot seriously be doubted." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *accord Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998). Both the Supreme Court of the United States and the United States Court of Appeals for the Eighth Circuit cite Federal Rule of Civil Procedure 41(b) as incorporating a district court's authority to dismiss a case because of a plaintiff's failure to prosecute. *Link*, 370 U.S. at 630; *Rodgers*, 135 F.3d at 1219. Although Rule 41(b) does not expressly reference the district court's independent authority to dismiss absent a motion, the Supreme Court concluded that the Rule provides for a district court's independent action. *See Link*, 370 U.S. at 629-630 (observing that the power to dismiss for failure to prosecute is of ancient origin in order to prevent undue delays in the disposition of cases and to avoid congestion).

Determining what constitutes a failure to prosecute is not fixed by settled rules; rather it depends on the particular facts and circumstances of each case. *Navarro v. Chief of Police*, *Des Moines, Iowa*, 523 F.2d 214, 217 (8th Cir. 1975). Here, Magistrate Judge Thorson issued two orders—one on March 7, 2016 and the other on May 11, 2016. Each order warned Plaintiffs that Magistrate Judge Thorson would recommend dismissing their case if they did not take the requisite action. Plaintiffs' May 9, 2016 letter failed to substantively address these requirements, and Plaintiffs did not respond to Magistrate

Judge Thorson's May 11, 2016 Order. Dismissal for failure to prosecute is appropriate when, as here, there has been a clear record of missed deadlines and delay. *See Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997). That Defendant filed an untimely answer on June 21, 2016 does not change the course of Plaintiffs' conduct as it relates to their failure to timely prosecute this matter. Accordingly, the magistrate judge's recommendation to dismiss this case for failure to prosecute is not clearly erroneous.

The sanction imposed by the district court must be proportionate to a litigant's transgression. *Id.* Dismissal with prejudice is an extreme sanction reserved for instances of willful disobedience of a court order or the persistent failure to prosecute a complaint. *Rodgers*, 135 F.3d at 1219. A district court should consider whether, in the particular circumstances, the needs of the court to advance a crowded docket and preserve respect for the integrity of internal procedures are sufficient to justify the harsh consequences of denying litigants their day in court. *Moore v. St. Louis Music Supply Co.*, 539 F.2d 1191, 1192 (8th Cir. 1976). Here, Plaintiffs' counsel misconstrued Magistrate Judge Thorson's March 7, 2016 order, failed to respond to Magistrate Judge Thorson's May 11, 2016 order and filed untimely objections to an R&R that recommended the dismissal of Plaintiffs' action. However, as in *Mann*, Plaintiffs should not be forced to shoulder the "grave consequence" of dismissal of their claims with prejudice due to the dereliction of their attorney. *Mann*, 108 F.3d at 147-48. Accordingly, the Court concludes that Magistrate Judge Thorson's recommendation to dismiss Plaintiffs' complaint without prejudice is not clearly erroneous.

## ORDER

Based on the Report and Recommendation of the magistrate judge, the foregoing analysis, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.      The magistrate judge's June 3, 2016 Report and Recommendation, (Dkt. 10), is **ADOPTED**;

2.      Plaintiffs' complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 28, 2016                                     s/Wilhelmina M. Wright
                                                        Wilhelmina M. Wright
                                                        United States District Judge